## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARKET AMERICA, INC.,               )
                                    )
        Plaintiff,               )
                                    )
v.                                  )          C.A. No.
                                    )
MERCATO, INC.,                      )          **DEMAND FOR JURY TRIAL**
                                    )
        Defendant.               )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Market America, Inc. (hereinafter "Plaintiff" or "Market America"), by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendant Mercato, Inc. (hereinafter "Defendant" or "Mercato") alleging as follows:

## NATURE OF THE ACTION

1.      This is an action for damages arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., for Mercato's past infringement of U.S. Patent No. 7,197,475 (the "Asserted Patent" or the "'475 Patent").

## PARTIES

2.      Market America is a corporation that is incorporated in the State of Delaware, and has its principal place of business located at 1302 Pleasant Ridge Rd, Greensboro, North Carolina 27409.

3.      Upon information and belief, Mercato is a corporation that is incorporated in the State of Delaware, and has its principal place of business located at 550 West B Street, San Diego, CA 92101. Mercato may be served with process through its registered agent for service in Delaware: Incorporating Services, Ltd., 3500 S Dupont Hwy, Dover, DE 19901.

## JURISDICTION

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      Personal jurisdiction over Mercato is proper in this District because (i) Mercato is a Delaware corporation and thus resides in Delaware; (ii) Mercato has purposefully availed itself to the rights and benefits of the laws of the State of Delaware; and, (iii) Mercato has systematic and continuous business contacts with the State of Delaware.

## VENUE

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) because Mercato resides in this district.

## THE PATENT-IN-SUIT

7.      Market America is the assignee of U.S. Patent No. 7,197,475 and owns the entire right, title, and interest in and to the '475 Patent.

8.      The '475 Patent is titled *Multi-vendor internet commerce system for e-commerce applications and methods therefor* and was issued by the United States Patent and Trademark Office (the "USPTO") on March 27, 2007. The application which issued as the '475 Patent was filed on June 14, 2000 as U.S. Application No. 09/594,213. A true and correct copy of the '475 Patent is attached hereto as Exhibit A and is incorporated by reference herein.

9.      The '475 Patent expired on December 6, 2020. The '475 Patent is presumed valid under 35 U.S.C § 282 and remains enforceable for acts of infringement occurring prior to its expiration on December 6, 2020.

10.     The '475 Patent disclosed and claims novel and non-obvious methods and systems directed to online multi-vendor commerce systems, including methods for facilitating transactions

between multiple sellers and buyers on a single e-commerce platform, managing product listings and processing multi-vendor transactions.

11.     The patented invention improved conventional online commerce systems by simplifying the consumer shopping experience, allowing a single universal shopping cart and checkout process across multiple vendors, reducing the need for individual vendors to invest in infrastructure, and enhanced consumer convenience by eliminating the need to manage multiple accounts and shopping carts.

## MERCATO'S INFRINGING ACTS

12.     Based upon public information, Mercato is an online grocery marketplace that owns, operates, advertises and/or controls a multi-vendor ecommerce platform accessible via its website https://www.mercato.com/ (the "Accused Platform").

13.     Upon information and belief, Mercato has owned and operated the Accused Platform since at least 2015 and during the life of the '475 Patent. Platform. Exemplary printouts from the Internet Archive's WayBack Machine showing the Accused Platform's historic functionality during the life of the '475 Patent attached hereto as Exhibit B.

14.     The Accused Platform is an online marketplace or multi-vendor e-commerce platform that implements systems and methods covered by one or more claims of the '475 Patent.

15.     Via the Accused Platform, Mercato connects a plurality of consumers with a variety of independent grocery and specialty food vendors throughout the United States.

16.     The Accused Platform enables consumers to browse and purchase products from multiple independent vendors through a single centralized website, the Accused Platform.

17.     The Accused Platform allows consumers to search across multiple vendors, add products from different vendors into a single universal shopping cart, and complete a unified checkout process without being redirected to the websites of individuals vendors.

18.     The Accused Platform facilitates transactions by processing a single order that includes products from multiple distinct vendors.

19.     Upon information and belief, Mercato transmits order details including delivery information, amounts, and products to the independent vendors.

20.     Mercato provides an order confirmation page to consumers at checkout that itemizes the products and subtotals for each vendor included in an order.

21.     Through these actions, Mercato implements and operates a system that practices each step of the method claimed in claim 1 of the '475 Patent.

22.     Mercato has not obtained a license to the '475 Patent.

23.     Mercato does not have Market America's permission to operate, make, use, distribute, sell, offer to sell, or perform the methods and systems covered by claim 1 of the '475 Patent.

24.     Mercato has, without Market America's authorization, directly infringed the '475 Patent under 35 U.S.C § 271(a) by making, using, operating, distributing, selling, offering for sale, providing, and/or maintaining the Accused Platform during the life of the '475 Patent..

25.     Market America has suffered damages as a result of Mercato's infringement, including but not limited to reasonable royalty damages for Mercato's unauthorized use of the patented technology.

26.     Pursuant to 35 U.S.C. § 286, Market America is entitled to recover damages for any infringement occurring up to six years prior to the filing of this Complaint and continuing until the expiration of the '475 Patent. This action for past infringement has been commenced within the six-year statutory period in which such actions may be commenced.

27.    As of the commencement of this action, upon information and belief, Mercato's acts of infringement occurred during the life of the '475 Patent and included making, using, operating, distributing, selling, offering for sale, providing, and/or maintaining the Accused Platform. Printouts from the Internet Archive's WayBack Machine, found <u>Exhibit B</u> hereto, demonstrate that the Accused Platform was made available by Mercato since at least 2015, prior to the expiration of the '475 Patent and within the six-year statutory damages period set forth in 35 U.S.C. § 286.

**<u>COUNT I</u>**

**Direct Patent Infringement of U.S. Patent No. 7,197,475**
**<u>Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))</u>**

28.    Market America incorporates by reference and re-alleges the allegations of paragraphs 1 through 27.

29.    Upon information and belief, during the term of the '475 Patent, Mercato, without permission or license from Market America, unlawfully and wrongfully created, used, caused to be used, operated, provided, distributed, sold, and/or offered to sell in the United States, the services provided on the Accused Platform which infringe claim 1 of the Asserted Patent, including within this judicial district, in violation of 35 U.S.C. § 271(a).

30.    Upon information and belief, during the life of the '475 Patent, Mercato has directly infringed either literally, or under the doctrine of equivalents claim 1 of the '475, as shown in the exemplary claim chart attached as <u>Exhibit C</u>. For example, the Accused Platform, is a centrally implemented multi-vendor internet commerce system that enables e-commerce through the Internet for a plurality of vendors and consumers. Mercato has operated the Accused Platform via a single website https://www.mercato.com/ and associated servers, selling products to consumers from a plurality of vendors. The Accused Platform provides a universal shopping cart for

consumers to add products from different vendors into one cart without leaving the Mercato website. The Accused Platform enables a unified checkout process where consumers submit a single order covering products from multiple independent vendors. The Accused Platform communicates order details including products, amounts, and delivery information to the relevant vendors. The Accused Platform displays to consumers a single combined order form with distinct invoices and subtotals for each vendor.

31.    Upon information and belief, the Accused Platform is functionally the same as it was during the life of the '475 Patent.

32.    Market America has been damaged as a result of the infringing conduct by Mercato alleged above. Thus, Mercato is liable to Market America in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Market America prays that this Court :

(a)    adjudge and decree that Mercato has directly infringed the Asserted Patent. in violation of 35 U.S.C. § 271(a);

(b)    order Mercato to account and pay damages adequate to compensate Market America for Mercato's infringement of the Asserted Patent, including pre-judgment and post-judgment interest, and costs, pursuant to 35 U.S.C. § 284 and 286;

(c)    order an accounting for any infringing acts not presented at trial and an award by the Court of additional damages for any such acts;

(d)    order a trebling of all damages awarded to Market America pursuant to 35 U.S.C. § 284;

(e)    adjudge that the case is exceptional and award Market America its attorney's fees pursuant to 35 U.S.C. § 285;

(f)    awarding to Market America such other and further relief as this Court or a jury deem just and equitable.

## <u>JURY DEMAND</u>

Market America hereby demands a jury on all triable issues.


OF COUNSEL:                          /s/ Kelly E. Farnan
                                     Kelly E. Farnan (#4395)
Robert S. Rigg                       Richards, Layton & Finger, P.A.
John K. Burke                        One Rodney Square
Monika J. Malek                      920 North King Street
Vedder Price P.C.                    Wilmington, DE 19801
222 North LaSalle Street             (302) 651-7700
Chicago, Illinois 60601              farnan@rlf.com
312-609-7500
                                     *Attorneys for Plaintiff Market America, Inc.*

Dated:  July 10, 2025